JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Connie Titchenell

**DEFENDANTS**
Apria Healthcare Group, Inc., Norman C. Payson and Daniele E. Greenleaf

**(b)** County of Residence of First Listed Plaintiff: Delaware County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Orange County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Frank Schwartz, Esquire, LAMM RUBENSTONE LLC, 3600 Horizon Blvd., Suite 200, Trevose, PA 19053, (215)638-9330

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☒ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
FLSA of 1938 as amended, 29 U.S.C. Section 201. et seq.
Brief description of cause:
Failure to pay overtime wages

**VII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 01/25/2011
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 315 Stratford Road, Glenolden, PA 19036

Address of Defendant: 26200 Enterprise Court, Lake Forest, CA 92630

Place of Accident, Incident or Transaction: 678 Elmwood Avenue, Sharon Hill, PA 19079

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐ UNKNOWN

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY*:

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐ NoXX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐ NoXX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ NoXX

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐ NoXX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒X All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, ______, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** ______ ______ Attorney-at-Law ______ Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 1/25/2011 Frank Schwartz, Esquire (Attorney-at-Law) 52729 (Attorney I.D.#)

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Connie Titchenell | : | CIVIL ACTION |
| v. | : | |
| Apria Healthcare Group, Inc., Norman C. Payson and Daniele E. Greenleaf | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 1/25/2011 | Frank Schwartz, Esquire | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-638-9330 | 215-638-2867 | fschwartz@lammrubenstone.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**APPENDIX G**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Connie Titchenell :
:
V. : Civil Action
Apria Healthcare Group, Inc., : No: ____________
Norman C. Payson and Daniele E. Greenleaf

DISCLOSURE STATEMENT FORM

Please check one box:

☐ UNKNOWN — The nongovernmental corporate party, Apria Healthcare Group, Inc., in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐ UNKNOWN — The nongovernmental corporate party, Apria Healthcare Group, Inc., in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

______________________________
______________________________
______________________________
______________________________

1/25/2011 ______________ [signature] ______________
Date Signature

Counsel for: Plaintiff, Connie Titchenell

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:

(1) identifies any parent corporation and any publicly held corporation owning10% or more of its stock; or

(2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:

(1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

(2) promptly file a supplemental statement if any required information changes.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CONNIE TITCHENELL<br>315 Stratford Road<br>Glenolden, PA 19036 | : CIVIL ACTION<br>:<br>: NO. |
| v. | : |
| APRIA HEALTHCARE GROUP, INC.<br>26200 Enterprise Court<br>Lake Forest, CA 92630<br>and<br>NORMAN C. PAYSON<br>26200 Enterprise Court<br>Lake Forest, CA 92630<br>and<br>DANIELE E. GREENLEAF<br>26200 Enterprise Court<br>Lake Forest, CA 92630 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Connie Titchenell, on behalf of herself and all other similarly situated employees of Defendants, by and through her undersigned counsel, Lamm Rubenstone LLC, by way of Complaint against defendants APRIA Healthcare Group, Inc., Norman C. Payson and Daniele E. Greenleaf hereby avers as follows:

## INTRODUCTION

1. This is an action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201. et seq. ("FLSA") to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and those similarly situated to Plaintiff.

2. During the three years prior to the filing of this action ("Liability Period) Defendants had a policy and/or pattern and practice of requiring and/or permitting Plaintiff and other non-exempt employees to work in excess of

forty (40) hours in each workweek without paying them time and one half of their regular rate of pay as required by the FLSA.

3. Pursuant to §216(b) of the FLSA Plaintiff seeks overtime compensation for "off the clock" work, liquidated damages, post judgment interest and attorney's fees and costs from Defendants on her own behalf and on behalf of all other similarly situated employees of Apria Healthcare Group, Inc. ("Apria").

4. Subsequent to the filing of this action Plaintiff may request this Court to authorize concurrent notice to all Apria employees similarly situated to Plaintiff who are or were employed during the Liability Period, informing them of the pendency of this action and their right, pursuant to §216(b) of the FLSA, to opt into this lawsuit.

**PARTIES, JURISDICTION AND VENUE**

5. Plaintiff, Connie Titchenell ("Ms. Titchenell") is an adult citizen of the Commonwealth of Pennsylvania with residence located at 315 Stratford Road, Glenolden, Pennsylvania 19036. At all times material hereto, Ms. Titchenell was an employee of Apria.

6. Defendant, Apria, is a Delaware for profit corporation with a principal place of business located at 26200 Enterprise Court, Lake Forest, California 92630. At all times material hereto, Apria was a provider of home healthcare products and services, conducting business in all fifty states.

7. Defendant, Norman C. Payson ("Mr. Payson") is, upon information and belief, an adult citizen of the State of California with a business address of 26200

Enterprise Court, Lake Forest, California 92630. At all times material hereto, Mr. Payson was the Chief Executive Officer ("CEO") of Apria.

8. Defendant, Daniel E. Greenleaf ("Mr. Greenleaf") is, upon information and belief, an adult citizen of the State of California with a business address of 26200 Enterprise Court, Lake Forest, California 92630. At all times material hereto, Mr. Greenleaf was the Chief Operating Officer ("COO") of Apria.

9. This Court has original jurisdiction over plaintiff's FLSA claim pursuant to 28 U.S.C. §1331 and 1337, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) and §1391(c) as substantial events giving rise to plaintiff's claims occurred within this District and/or occurred while the corporate defendant resides within this District.

**BACKGROUND FACTS**

11. Ms. Titchenell was hired by Apria on or about May 6, 1996 to work as a receptionist at APRIA's branch office located at 678 Elmwood Avenue, Sharon Hill, Pennsylvania 19079.

12. On or about May, 2007, Ms. Titchenell was promoted to the position of Customer Service Specialist. At all times material hereto, and in her capacity as a Customer Service Specialist Ms.Titchenell performed non-exempt duties.

13. On or about January 14, 2008, Ms. Titchenell received a Performance Appraisal which, *inter alia*, rated her as "meets expectations" with respect to productivity. A true copy of said Performance Appraisal is attached hereto as Exhibit "A."

14. On or about March, 2009, Ms. Titchenell's direct supervisor, Susan Dixs ("Ms. Dixs") and the branch manager, John Dorais ("Mr. Dorais") complained to Ms. Titchenell that she was not being productive enough in her position as Customer Service Specialist.

15. On or about March, 2009, and in direct response to the complaints of lack of productivity by Dixs and Dorais, Titchenell began working "off the clock" an additional ten to fifteen hours per week in order to service the number of customers demanded by Dixs and Dorais.

16. Ms. Titchenell's ten to fifteen extra hours work per week was "off the clock" because Apria had a company wide policy, pattern or practice of no overtime work unless approved by management, yet the only way that Ms. Titchenell could complete the amount of work demanded by management was to work extra hours. Accordingly, Ms. Titchenell would clock out at 5:00 P.M. but remain working at her desk until approximately 7:30 P.M.

17. Both Ms. Dixs and Mr. Dorais were fully aware that Ms. Titchenell was working off the clock as they would regularly observe her at work after hours and neither had approved any overtime pay for Ms. Titchenell.

18. Despite working ten to fifteen overtime hours per week, Ms. Titchenell was paid only for her forty hours of clocked time per week.

19. On or about July 12, 2010, Ms. Titchenell received a Performance Appraisal wherein Titchenell was rated as "needs improvement" with respect to Productivity/Quantity of Work. A true copy of this Performance Appraisal is attached hereto as Exhibit "B."

20. As a result of receiving the Performance Appraisal attached hereto as Exhibit "B," and with the full knowledge of Dorais and Dix, Ms. Titchenell continued to work approximately ten to fifteen hours per week "off the clock" in order to meet the productivity demands of Mr. Dorais.

21. On or about June 30, 2010, Ms. Titchenell suffered a work place injury which temporarily affected the quantity of work that she could perform per hour.

22. Despite knowing that Ms. Titchenell had suffered a work place injury which affected the amount of work she could perform, Ms. Dixs continued to complain about Ms. Titchenell's lack of productivity. Accordingly, Ms. Titchenell continued to work off the clock in an attempt to satisfy the demands of Ms. Dixs for increased productivity.

23. On or about September 22, 2010, Ms. Titchenell was asked to meet with Dorais and Dixs. At this meeting Ms. Titchenell was terminated without ever receiving a letter of termination or any formal exit interview. At this meeting Ms. Titchenell was told that the reason for her termination was her lack of productivity.

**COUNT I - VIOLATION OF THE**
**FAIR LABOR STANDARDS ACT 29 U.S.C.A. §201 *et. seq.***

**Plaintiff v. Apria**

24. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 above, as if fully set forth at length herein.

25. Apria is an employer within the meaning of §203(d) of the FLSA.

26. Ms. Titchenell is an employee within the meaning of §203(e)(1) of the FLSA.

27. Ms. Titchenell is a non exempt employee pursuant to §213 of the FLSA. Accordingly, she is subject to §207(a)(1) of the FLSA which states:

> No employer shall employ any of his employees... for a work week longer than forty hours, unless such employee receives compensation for his employment... at a rate not less than one and one half times the regular rate at which he is employed.

28. At the time of her termination plaintiff's regular rate of pay was $15.30 per hour.

29. Apria's repeated demands that plaintiff work in excess of forty hours per week without receiving overtime pay evidences a willful violation of §207(a)(1) of the FLSA.

30. Section 211(c) of the FLSA requires all employers to keep accurate records of the wages and hours worked by each and every employee.

31. Upon information and belief, Apria's records do not accurately reflect the off the clock hours worked by Ms. Titchenell. Apria's failure to keep accurate records of hours worked is a willful violation of §211(c) of the FLSA.

WHEREFORE, plaintiff, Connie Titchenell, for herself and those similarly situated, hereby demands judgment in her favor and against defendant Apria Healthcare Group, Inc. for compensatory damages, liquidated damages, attorneys' fees and costs, punitive damages and such other further relief as this Court deems just and appropriate.

**COUNT II – VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT 43 P.S. §333.101 *et seq.***

**Plaintiff v. Apria**

32. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 31 above, as if fully set forth at length herein.

33. Apria is an employer as defined in §333.103(g) of Pennsylvania Minimum Wage Act of 1968, 43 P.S. §333.101 *et seq.*, ("MWA").

34. Plaintiff is an employee as defined in §333.103(h) of the MWA.

35. Section 333.104(c) of the MWA provides that "overtime not less than one and one half times the employee's regular rate..." shall be paid to all employees working in excess of forty hours per week.

36. Section 333.108 of the MWA requires that all employers keep a "true and accurate record of the hours worked by each employee and the wages paid to each employee... ."

37. As set forth above, Apria has willfully violated §333.104(c) of the MWA by failing to pay Ms. Titchenell overtime wages for hours worked in excess of forty hours per week.

38. As set forth above, Apria has willfully violated §333.108 of the MWA by failing to keep true and accurate records of the hours worked by Ms. Titchenell.

WHEREFORE, plaintiff, Connie Titchenell, for herself and those similarly situated, hereby demands judgment in her favor and against defendant Apria Healthcare Group, Inc. for compensatory damages, liquidated damages, attorneys' fees and costs and such other further relief as this Court deems just and appropriate.

## III – VIOLATION OF PENNSYLVANIA'S WAGE PAYMENT AND COLLECTION LAW 43 P.S. §260.1 *et seq.*

**Plaintiff v. All Defendants**

39. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 38 above, as if fully set forth at length herein.

40. Apria is an employer within the meaning of §260.2(a) of Pennsylvania's Wage Payment and Collection Law, 43 P.S. §260.1 *et seq.*, ("WPCL").

41. As an officer of Apria, defendant Payson is an employer within the meaning of the WPCL and can be found individually liable for any violation thereof.

42. As an officer of Apria, defendant Greenleaf is an employer within the meaning of the WPCL and can be found individually liable for any violation thereof.

43. Upon information and belief, Payson and Greenleaf, in their respective capacity as CEO and COO of Apria were instrumental in the formulation, implementation and/or continuation of Apria's company-wide policy, pattern and practice with respect to the non-payment of overtime wages and the inaccurate record keeping of employees' wages and hours as set forth above.

44. Upon information and belief Payson and Greenleaf have had certain minimum contacts with the Commonwealth of Pennsylvania in furtherance of their business interests within Pennsylvania.

45. Pursuant to §260.3 of the WPCL, over time wages must be paid to eligible employees in the next succeeding regular pay period.

46. Pursuant to §260.7 of the WPCL "no provision of this Act shall in anyway be contravened or set aside by private agreement."

47. As set forth above, Apria's failure to pay overtime wages to plaintiff in each of her pay periods when overtime hours were worked is a willful violation of the WPCL.

48. As officers of Apria, defendants Payson and Greenleaf are individually liable for any and all willful violations of the WPCL.

49. Pursuant to §260.9 of the WPCL plaintiff is entitled to compensatory damages and recovery of reasonable attorneys' fees and costs.

50. Pursuant to §260.10 of the WPCL plaintiff is entitled to liquidated damages.

WHEREFORE, plaintiff, Connie Titchenell, for herself and those similarly situated, hereby demands judgment in her favor and against defendants, Apria Healthcare Group, Inc., Norman C. Payson and Daniel E. Greenleaf for compensatory damages, liquidated damages, reasonable attorneys' fees and costs and such other further relief as this Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues for which a right to jury trial exists.

Respectfully submitted,

LAMM RUBENSTONE LLC

Date: 1/25/11

By: [signature]

Frank Schwartz, Esquire
Attorneys for Plaintiff
3600 Horizon Blvd., Suite 200
Trevose, PA 19053
215-638-9330

# EXHIBIT "A"




# Performance Appraisal – Introductory Period

**Name:** Connie Titchenell
**Location:** Sharon Hill, PA - CC#6423
**Social Security Number:**
**Supervisor:** John Dorais
**Position:** Customer Service Specialist
**Date of Hire:** 05/06/1996
**Appraisal Date:** 01/14/2008

## I. Employee Rating

| | Expectations | | | Comments |
|---|---|---|---|---|
| | Exceeds | Meets | Below | |
| **Communication:** Communicates effectively both verbally and in writing with others inside and outside the organization; selects appropriate means of communication; questions to seek clarification and understanding; maintains confidentiality; listens actively to others; conveys appropriate information to others. | ☐ | ☒ | ☐ | Connie contributes on a daily basis. |
| **Customer Service:** Takes the initiative to meet internal and external customer needs in a timely and courteous manner; maintains a high level of customer satisfaction. | ☒ | ☒ | ☐ | Works well w/pt.'s & referrals to meet their requests and needs. |
| **Dependability/Reliability:** Consider record of attendance and punctuality; meets work schedules and fulfills job responsibilities and commitments; follows tasks through to completion and ensures success; accepts responsibility for actions and decisions; adapts quickly to job or organizational changes. | ☐ | ☒ | ☐ | Meets expectations. |
| **Interpersonal/Teamwork:** Establishes and maintains good working relationships; shows respect and concern for the feelings of others; interfaces effectively with all levels of the organization; focuses on situations rather than personalities in relating to others; works cooperatively within a group; accepts constructive feedback. | ☒ | ☒ | ☐ | Works well w/all parts of the SH team. |
| **Job/Business/Organizational Knowledge:** Understands applicable company and department policies/procedures, as well as relevant industry requirements and standards; keeps current on developments that impact job responsibilities; considers impact of actions on other parts of the organization; ensures that organizational and departmental standards are integrated into results. | ☐ | ☒ | ☐ | Will improve over time w/more training. |
| **Problem Solving:** Displays good judgement; takes the initiative rather than waiting to be told; makes practical suggestions; learns from past experiences and uses those insights to handle new situations effectively; defines problems logically and develops appropriate solutions; uses creative approaches. | ☐ | ☒ | ☐ | Always seeks answers to issues that arise each day. |
| **Productivity:** Produces appropriate volume of acceptable work under normal conditions and achieves desired results. | ☐ | ☒ | ☐ | Meets expectations. |
| **Time Management:** Completes appropriate amount of work in a timely fashion without jeopardizing quality; uses time effectively to consistently accomplish objectives and meet deadlines; organizes workload for requirement of job; sets priorities and discriminates between important and unimportant matters; anticipates needs/problems; maintains attention to detail. | ☐ | ☒ | ☐ | Meets expectations. |

## II. Appraisal Overview

| | |
|---|---|
| What are the employee's strengths? | Personable with patients & referrals. Connie also is positive & knowledgable in specific areas, especially Enteral. |
| What are the employee's development needs? | Connie needs enhancement on ACIS, C/S skill in relation to CCM & coverage knowledge (Dx, equip.) |
| What training is being provided to help the employee develop? | On-line training needs to be established with Connie's schedule. Will seek area courses being held to help strengthen her skill sets. |

## III. Objectives for Annual Performance Appraisal

(Must be completed for exempt employees; optional for non-exempt employees)

| Weight (%) | Objective | Target Date |
|---|---|---|
| 33 % | ACIS on-line training. This will develop Connie's strengths & make her stronger in CS. | 03/31/2008 |
| 33 % | Equip/Dx training on-line. Again, will enhance Connie's skills. | 03/31/2008 |
| 33 % | CCM on-line training. This will give Connie the knowledge to be compliant on Apria requirements. | 03/31/2008 |

## IV. Employee Comments

## V. Signatures

[signature] 1/14/08
Supervisor Signature Date

[signature] 1/14/08
Employee Signature Date

Copy: Supervisor and employee. Send original to Corporate Human Resources.

# EXHIBIT "B"




# Job Related Skills - Non-Exempt

Rate the employee on each job related skill and add comments to support each rating. Comments should be provided to support the rating in each category, and are particulary important to support ratings other than Achieves Expectation (3) and Achieves Expectation + (3.5).

Ratings must be numeric - see rating tab above for the rating descriptions.

(80% of Total Score)

| RATING | DESCRIPTION |
|---|---|
| U | (1) Unsatisfactory |
| U+ | (1.5) Unsatisfactory + |
| N | (2) Needs Improvement |
| N+ | (2.5) Needs Improvement + |
| A | (3) Achieves Expectations |
| A+ | (3.5) Achieves Expectations + |
| E | (4) Exceeds Expectations |
| E+ | (4.5) Exceeds Expectations + |
| O | (5) Outstanding |

**Job Knowledge: The employee demonstrates a clear understanding of job and is proficient in all required skills. The employee also completely understands company policy and procedure and is within regulatory compliance.**

**John Dorais:**

**Rating: 2 - N**

**Please enter comments below:**
Connie still struggles with Intakes - have suggested more on-line training to enhance skills but she has not followed this advice.

---

**Productivity/Quantity of Work: The employee demonstrates speed and timeliness in daily activities and projects as assigned. Regular production volume is consistent and employee demonstrates good time management skills.**

**John Dorais:**

**Rating: 2 - N**

**Please enter comments below:**
Has shown improvement over the past 30 days but still does not meet expectations on a daily basis.

---

**Quality of Work: The employee demonstrates a high degree of accuracy and due diligence. Work area is neat and clutter free. Employee adheres to current company policy and procedure while demonstrating a high degree of attention to detail.**

**John Dorais:**




**Rating: 2 - N**

**Please enter comments below:**
Connie still makes errors where a person of her experience should overcome. needs to enroll in more training to raise skill set.

---

**Customer Service: Employee demonstrates a drive to exceed current customer service expectations and desires to achieve complete customer satisfaction. Employee conveys a professional attitude towards our clients with a customer-first approach.**

**John Dorais:**

**Rating: 3.5 - A+**

**Please enter comments below:**
Always pleasant with patients and referrals. Has best interest of patinet in mind all the time.

---

**Interpersonal Communication/Teamwork: The employee establishes and maintains good rapport and working relationship with fellow colleagues. The employee demonstrates a sense of cooperation and contributes accordingly to team efforts.**

**John Dorais:**

**Rating: 3 - A**

**Please enter comments below:**
Connie always lets her concerns, questions or issues be known to address in a timely manner.

---

**Dependability and Reliability: The employee demonstrates a high degree of consistency and reliability when meeting work schedules; absenteeism is minimal even during unusual or emergency situations. The employee adapts quickly to organizational and/or job changes.**

**John Dorais:**

**Rating: 3 - A**

**Please enter comments below:**
Has improved tardiness - was issue, but has overcome.

---




# Overall Summary of Performance

Enter the overall summary of the employees performance.

**Enter the overall summary of the employees performance.**

**John Dorais:**

**Comments:**

Connie has a positive interaction with our patients and referrals, but still lacks in her Intake productivity. She has shown improvement in the past 30 days , but needs to be consistent and become the "go to" person in the department for questions and solutions. Increasing her knowledge through use of the Apria Training network will enchance those skills.

---