IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONNIE TITCHENELL.** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **NO. 11-563** |
| | : | |
| **APRIA HEALTHCARE INC.** | : | |
| **Defendant.** | : | |

### O R D E R

**AND NOW**, this 29th day of August, 2012, upon consideration of Plaintiff's Motion to Add Similarly Situated Persons to Conditionally Certified Collective Class and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (Document No. 44, filed May 18, 2012), Defendant's Response in Opposition to Plaintiff's Motion to Add Similarly Situated Persons to Conditionally Certified Collective Class and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (Document No. 48, filed June 8, 2012), and Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Add Similarly Situated Persons to Conditionally Certified Collective Class and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) (Document No. 52, filed June 18, 2012), for the reasons set forth in the Memorandum dated August 29, 2012, **IT IS ORDERED** that Plaintiff's Motion to Add Similarly Situated Persons to Conditionally Certified Collective Class and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Conditionally Certified Collective Class is **AMENDED** and is **DEFINED** as:

    All non-exempt Customer Service Specialists, Senior Customer Service Specialists, Customer Service Specialist Team Leads, Customer Service Associates, Senior Customer Service Associates, Customer Service Associate Team Leads, and Patient Services Coordinators employed by Apria who have worked and/or are still working in any branch office of Apria anywhere in the United States

      during the liability period and who have not been paid overtime by Apria for work in excess of forty hours per week.

2. Plaintiff's request for equitable tolling of the statute of limitations as to potential Collective Class members is **DENIED**.  The Court's ruling is without prejudice to the right of individual plaintiffs who opt in to the collective action to request equitable tolling.

**IT IS FURTHER ORDERED** as follows:

3. Within five (5) days of the issuance of this Order, the parties, through counsel, shall submit to the Court (Chambers, Room 12613) an agreed-upon form of notice to be sent to potential Collective Class members that complies with the following requirements:

    a.  The notice shall reflect the proper scope of the potential class.

    b.  The notice shall provide for insertion by the Court of the beginning date of the class period, which will be three years prior to the date the Court approves the notice.

    c.  The notice shall provide that it will be sent to all members of the class who worked for defendant during the liability period, except for those individuals who worked as Customer Service Specialists during the entire liability period and did not hold any of the other job titles included in the class definition.  The notice shall include language agreed upon by the parties explaining why some such persons are receiving the notice a second time.

    d.  The notice shall provide for a forty-five (45) day period during which the noticed individuals may opt in to the collective action.

4. Within five (5) days of the issuance of this Order, defendant shall produce to plaintiff a computer-readable data file containing the names, addresses and telephone numbers of all potential opt-in plaintiffs so that plaintiff may implement notice once the Court approves the form of notice.

5. The stipulation regarding permissible contacts with potential Collective Class members entered into by the parties and approved by the Court (Doc. No. 29, filed January 6, 2012), shall remain in effect regarding permissible contacts with persons who are sent notice pursuant to this Order.

6. At the conclusion of the notice period, the parties, through counsel, shall jointly report to the Court regarding the number of class members.

7. Paragraph 5 of the Scheduling Order dated February 1, 2012, providing a briefing schedule as to any motion to decertify the Conditionally Certified Collective Class, is **VACATED**.

8. The Court shall convene a telephone conference in due course to schedule further proceedings.

**BY THE COURT:**

  /s/ Hon. Jan E. DuBois
**JAN E. DUBOIS, J.**