## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE TITCHENELL | : | CIVIL ACTION |
| | : | NO. 2:11-cv-00563-JD |
| Plaintiff | : | |
| v. | : | |
| | : | |
| APRIA HEALTHCARE INC. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |
| SUSAN M. MURPHY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 2:13-cv-01766-JD |
| v. | : | |
| | : | |
| APRIA HEALTHCARE, INC. | : | |
|   and | : | |
| NORMAN C. PAYSON | : | |
|   and | : | |
| DANIEL E. GREENLEAF, | : | |
| Defendants. | : | |

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into between Named Plaintiffs Connie Titchenell and Susan M. Murphy ("Named Plaintiffs"), on behalf of themselves and all Opt-In Plaintiffs ("Opt-ins"), as defined herein, and Apria Healthcare, Inc. ("Defendant"), on behalf of itself and all Released Parties, as defined herein. As set forth herein, IT IS HEREBY AGREED, BY AND BETWEEN THE UNDERSIGNED, that the Collective Action Litigation shall be settled and the action Murphy v. Apria Healthcare, Inc. shall be dismissed, subject to the approval of the Court, pursuant to the following terms and conditions:

1. **DEFINITIONS**

The terms set forth below shall have the following meanings:

1.1     "Settlement Agreement" means this "Settlement Agreement and Release."

1.2     "Approval Date" means the date on which the Court enters an Order approving this Settlement Agreement as a fair and reasonable resolution of the Collective Action Litigation and dismissing the case with prejudice.

1.3     "Class Counsel" means Attorneys Frank Schwartz, Esq. and Stephen Levin, Esq., and Lamm Rubenstone, LLC.

1.4     "Collective Action Litigation" means the above-captioned action entitled Titchenell v. Apria Healthcare, Inc.

1.5     "Court" means the United States District Court for the Eastern District of Pennsylvania.

1.6     "Defendants" and/or "Apria"  shall mean Apria Healthcare, Inc. and any subsidiaries, parent companies, affiliated entities, related entities, predecessors, successors, assigns or divisions thereof; and their respective current or former owners, officers, directors, trustees, agents, employees, shareholders, attorneys, representatives, and insurers, including Defendants Norman C. Payson and Daniel E. Greenleaf.

1.7     "Defense Counsel" means Attorneys Jeffrey Pettit, Esq. and Monica  Holland, Esq. of McElroy, Deutsch, Mulvaney & Carpenter, LLP.

1.8     "Named Plaintiffs" means Connie Titchenell and Susan M. Murphy (formerly known as Susan Dix).

1.9     "Opt-In Plaintiffs" or "Opt-ins" mean individuals who previously joined the Collective Action Litigation by returning a form pursuant to FLSA Section 16(b) who have not

been dismissed, excluding the Named Plaintiffs. The Opt-in Plaintiffs are exclusively defined as: Dalia Abdou, Marcia Arguello, Shalom Barker, Monica Blackwell, Brian Boe, Mashea Boles, Donna Bunce, Michelle Camantigue, Kimberly Cavagna-Soto, Carla Clark, Bonnie Corn, Renee Cruz, Zenaida Delos Reyes, Peggy Dinkins, Marcia Dorce, Roxanna Ecale, Sylvia Flores, Lynn Ann Garcia, Cassandra Glenn, Raquel Gonzalez, Peter Graziano, Grace Hanks, Amy Harrigan Armstrong, Jeannine Harris, Loretta Hendon, Kerri Hetherington, Bobby Hicks, Veronica Jaramillo, Edith Jeffrey, Raisharya Jones, Clarice Ligon-Johnson, Louise Liverman, Stephanie Lopez, Mary Ann Lucks, Jody Lundy, Lealynn Martin, Cipriana Martinez, Gabriel Moreno, Veronica Patchet, Melissa Petrick, Sandra Pitman, Deneen Ramirez, Nichole Robertson, Yvette Rocha, Teresa Rogers, Lisa M. Smith, Brian Smoliga, Tammy Steg, Deborah Stein, Barbara White and Angelita Wilkerson.

    1.10    "Parties" means Named Plaintiffs, the Opt-In Plaintiffs, and Defendants,

    1.11    "Payment Amount" means, for Named Plaintiff Connie Titchenell and each Opt-In Plaintiff, the gross amounts listed in the following chart.  The Payment Amount represents the gross settlement award to each Plaintiff, prior to any applicable payroll deductions and withholdings. 50% of the Payment Amount shall be for claimed, but disputed, overtime compensation and is subject to payroll deductions and withholdings normally withheld by Defendant Apria, and a Form W-2 shall be issued to each Plaintiff for the back wages portion of the Payment Amount.  50% of the Payment Amount shall be for claimed, but disputed, liquidated damages under the FLSA not subject to payroll tax withholdings, and a Form 1099 shall be issued to each Plaintiff for the liquidated damages portion of the Payment Amount.  The total aggregate of all gross Payment Amounts shall not exceed $225,000.00.

| PLAINTIFF | PAYMENT AMOUNT |
|---|---|
| Abdou, Dalia | $2,831.80 |

| | |
|---|---|
| Arguello, Marcia | $0   requested to withdraw |
| Barker, Shalom | $1,208.44 |
| Blackwell, Monica | $5,302.59 |
| Boe, Brian | $586.30 |
| Boles, Mashea | $1,249.36 |
| Bunce, Donna | $1,710.18 |
| Camantigue, Michelle | $885.05 |
| Cavagna-Soto, Kimberly | $4,117.40 |
| Clark, Carla | $3,585.20 |
| Corn, Bonnie | $12,487.35 |
| Cruz, Renee | $3,365.74 |
| Delos Reyes, Zenaida | $6,069.06 |
| Dinkins, Peggy | $4,108.44 |
| Dorce, Marcia | $0   not eligible |
| Ecale, Roxanna | $2,242.80 |
| Flores, Sylvia | $2,275.15 |
| Garcia, Lynn Ann | $9,606.19 |
| Glenn, Cassandra | $143.57 |
| Gonzalez, Raquel | $6,779.03 |
| Graziano, Peter | $15,655.42 |
| Hanks, Grace | $6,479.54 |
| Harrigan, Amy (Armstrong) | $3,502.13 |
| Harris, Jeannine | $5,821.30 |
| Hendon, Loretta | $347.03 |
| Hetherington, Kerri | $3,962.25 |
| Hicks, Bobby | $1,784.23 |
| Jaramillo, Veronica | $2,780.38 |
| Jeffery, Edith | $2,510.15 |
| Jones, Raisharya | $187.16 |
| Ligon-Johnson, Clarice | $9,142.97 |
| Liverman, Louise | $4,411.25 |
| Lopez, Stephanie | $3,150.63 |
| Lucks, MaryAnn | $2,878.66 |
| Lundy, Jody | $5,962.91 |
| Martin, Lealynn | $3,160.62 |
| Martinez, Cipriana | $914.58 |
| Moreno, Gabriel | $2,142.73 |
| Patchet, Veronica | $18,181.39 |
| Petrick, Melissa | $161.20 |
| Pitman, Sandra | $706.06 |
| Ramirez, Deneen | $5,419.16 |
| Robertson, Nichole | $371.79 |
| Rocha, Yvette | $10,558.04 |
| Rogers, Teresa | $3,600.22 |
| Smith, Lisa M. | $862.72 |

| | |
|---|---|
| Smoliga, Brian | $2,645.21 |
| Steg, Tammy | $10,964.49 |
| Stein, Deborah | $16,200.51 |
| Titchenell, Connie | $6,342.73 |
| White, Barbara | $4,117.40 |
| Wilkerson, Angelita | $1,521.33 |
| | |
| **TOTAL:** | **$224,999.84** |

1.12    "Release Form" means the document substantially similar to the "Settlement Agreement and General Release " attached hereto as Exhibit A.

1.13    "Released Claims" means, any claim, cause of action, or demand against, Apria, and any parent companies, owners, affiliated entities, related entities, successors, assigns, and each of its past and present owners, officers, directors, attorneys, managers, supervisors, agents, insurers, and employees arising prior to the Approval Date as more specifically defined in the attached Release Form.

1.14    "Released Parties" means Apria and any subsidiaries, parent companies, affiliated entities, related entities, predecessors, successors, assigns or division thereof; and their respective current or former owners, officers, directors, trustees, agents, employees, shareholders, attorneys, representatives, and insurers, including Defendants Norman C. Payson and Daniel E. Greenleaf.

**2.    RECITALS**

2.1    Named Plaintiffs and Opt-ins have made certain allegations and accusations concerning their employment with Defendant Apria regarding an asserted failure to pay for all time worked and/or pay overtime compensation properly and/or retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and similar Pennsylvania laws, all of which the Defendants have from the outset of the above-captioned action denied and continue to deny.

2.2    The Named Plaintiffs, Opt-Ins and Class Counsel believe that the claims asserted in the above-captioned actions have merit. However, Class Counsel recognizes and

5

acknowledges the expense and length of continued proceedings necessary to prosecute the Collective Action Litigation against the Defendants through trial and possible appeals. Class Counsel has also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. As a consequence of their investigation and analyses, Class Counsel has engaged in intensive arm's length negotiations with counsel for the Defendants with a view to achieving settlement. The Named Plaintiffs, Opt-ins and Class Counsel believe that the Settlement reached confers substantial benefits upon the Named Plaintiffs and Opt-ins and that the Settlement Agreement is fair, reasonable, adequate, in accordance with the law, and in the best interests of the named Plaintiffs and Opt-ins.

2.3   Defendants continue to assert that Named Plaintiffs and the Opt-Ins' legal claims lack merit. Among other things, Defendant Apria contends that it has properly compensated Named Plaintiffs and Opt-Ins for all hours worked including overtime, that it has not retaliated against the Named Plaintiffs or Opt-Ins in any manner, and that they cannot maintain their burden to prove otherwise. Defendants also contend that if the above-captioned actions were to be further litigated, collective action treatment would be inappropriate and that they would prevail on the merits.

2.4   Class Counsel and Counsel for the Defendants have conducted extensive discovery and investigated the facts relating to the claims alleged and have examined the legal principles applicable to the claims and defenses, and taking into account the sharply contested legal and factual issues involved and the uncertainties of litigation and the relative benefits conferred by this Settlement Agreement. The Parties and their counsel have considered and concluded that their respective interests are best served by compromise, settlement and dismissal

of the instant actions with prejudice and have concluded that the terms of this Settlement Agreement are fair, reasonable and adequate.

2.5     The Parties participated in settlement discussions that were facilitated by U.S. Magistrate Judge Thomas Rueter, and, as a result of these settlement discussions, have agreed to settle the issues, matters and things in dispute between and among them pursuant to the Unopposed Motion to Approve Collection Action Settlement and Consolidate Actions for Purposes of Settlement and the terms of this Settlement Agreement.

2.6     The Parties understand and agree that this Settlement Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by Defendant or any of the Released Parties. Furthermore, neither this Settlement Agreement nor the settlement of this Collective Action Litigation shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, and nothing herein shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Settlement Agreement.

2.7     This Settlement Agreement and Release is contingent upon final approval of the terms of settlement by the Court.

3.     **PAYMENTS TO NAMED PLAINTIFFS AND THE OPT-IN PLAINTIFFS**

3.1     Within fifteen (15) days of the Approval Date, Defendant Apria shall mail to Class Counsel a check made payable to Named Plaintiff Connie Titchenell equaling her Payment Amount, less applicable deductions and withholdings required by law.  Class counsel shall not release the check to Named Plaintiff until the Named Plaintiff executes an individual Release Form.  At the close of the tax year, Defendant Apria shall issue to Named Plaintiff Connie

Titchenell an IRS Form W-2 reflecting the claimed, but disputed, unpaid overtime portion of her settlement payment and a Form 1099 reflecting the claimed, but disputed liquidated, damages and service award portion of her settlement payment and, absent further instruction from Class Counsel, the W-2 Form and the 1099 Form shall be mailed directly to Connie Titchenell, at 315 Stratford Road, Glenolden PA 19036.

    3.2    Within fifteen (15) days of the Approval Date, Defendant Aria shall mail to Class Counsel a check made payable to Named Plaintiff Susan M. Murphy in the gross amount of $40,000, less applicable payroll deductions and withholdings required by law on $20,000 of said amount which the parties designate as claimed, but disputed, unpaid overtime and damages resulting from alleged retaliation as pleaded in the above captioned action, <u>Murphy v. Apria Healthcare, Inc.</u> and the remainder of the payment is designated as claimed, but disputed, liquidated damages under the FLSA. Class counsel shall not release the check to Named Plaintiff until Named Plaintiff executes an individual Release Form.  At the close of the tax year, Defendant Apria shall issue to Named Plaintiff any IRS Form W-2 reflecting the claimed, but disputed, unpaid overtime and retaliation damages portion of her settlement payment and a Form 1099 reflecting the claimed, but disputed, liquidated damages, and, absent further instruction from Class Counsel, the W-2 Form and the 1099 Form shall be mailed directly to Susan M. Murphy at 180 Water Works Road, Coatesville, PA 19320.

    3.3    Within seven (7) days of the Approval Date, Class Counsel shall mail to each Opt-In Plaintiff a Release Form along with instructions informing each Opt-In Plaintiff that he or she must complete and return the Release Form to Class Counsel in order to receive his or her settlement payment. The failure of any Opt-In Plaintiff to return the Release Form to Class Counsel shall not affect the validity or enforceability of this Settlement Agreement and Release

as to any other Party or the Released Claims herein. Class Counsel shall provide to Defense Counsel all signed Release Forms on a rolling basis, but no later than sixty (60) days from the Approval Date. Within fifteen (15) days of Defense Counsel's receipt of any Release Form, Defendant Apria shall mail to Class Counsel check(s) made payable to each Opt-In Plaintiff who has completed and returned a Release Form. Such checks shall be in amounts equaling each Opt-In Plaintiffs Payment Amount, less applicable payroll tax withholdings required by law to be withheld by Defendant. At the close of the tax year, Defendant Apria shall issue to each Opt-In Plaintiff an IRS Form W-2 reflecting the back wages portion of his settlement payment, and a Form 1099 reflecting the liquidated damages portion of his settlement payment, and, absent further instruction from Class Counsel, these Forms shall be mailed directly to each Opt-In Plaintiff at the address listed on his or her Release Form.

      3.4      The employer's share of the applicable payroll taxes for each Named Plaintiff and Opt-In Plaintiff based on the claimed, but disputed, unpaid overtime portion of the Payment Amount distributed to each Opt-In Plaintiff shall be separately paid by the Defendant Apria in accordance with all applicable federal and state laws.

      3.5      Named Plaintiffs and Opt-Ins shall be informed in the Release Form and thereby acknowledge that the settlement check(s) must be cashed or deposited within ninety (90) calendar days after date of issuance. If any individual fails to cash or deposit his or her check(s) within the 90-day period, the check(s) will be void, a stop-pay notice will be placed, and the settlement proceeds shall temporarily revert to Defendant Apria. Within one year of the Approval Order, only upon request by Class Counsel, any voided checks will be reissued to any Opt-In Plaintiff who has yet to cash a check for his Payment Amount. Any costs associated with reissuing the check, such as a stop-pay fee, will be deducted from the total amount of the check.

After one year from the date of the Approval Order, the amount of any unclaimed Payment Amounts shall permanently revert to the Defendant.

4.  **ADDITIONAL PAYMENT TO NAMED PLAINTIFFS AND CLASS COUNSEL**

    4.1  **Service Award to Named Plaintiffs**. Within fifteen (15) days of the Approval Date, Defendant Apria shall mail to Class Counsel a check payable to Named Plaintiff Connie Titchenell constituting a service award in the amount of $7,000 for her efforts in prosecuting the Collective Action Litigation. Defendant Apria shall issue a Form 1099 for this payment. Class Counsel shall not release the check to Named Plaintiff until Named Plaintiff executes an individual Release Form.

    4.2  **Service Award to Deponents**: Within fifteen (15) days of the Approval Date, Defendant Apria shall mail to Class Counsel checks payable to Amy Harrigan, Peter Graziaino, Deneen Ramirez, and Deborah Stein, each in the amount of $1,000.00, constituting a service award for their efforts in prosecuting the Collective Action Litigation. Defendant Apria shall issue a Form 1099 for these payments.  Class Counsel shall not release the checks until the individual executes a Release Form.

    4.3  **Attorneys' Fees**. The Parties have agreed to the payment of attorneys' fees in the total amount of $400,000.  Within fifteen (15) days of the Approval Date, Defendant shall deliver to Class Counsel a check payable to Lamm Rubenstone, LLC in the amount of $400,000.00. Defendant shall issue a Form 1099 for this payment.

    4.4  The Attorneys' Fees to Class Counsel are subject to Court approval, and this Settlement Agreement is not contingent upon the Court's approval of any or all of this payment to Class Counsel. Class Counsel (i) agree that neither they nor any other attorneys or law firms

are entitled to recover any additional attorney's fees or expenses arising out of or related to the Collective Action Litigation and (ii) waive any rights that they may have to recover any attorney's fees and expenses, other than those stated in paragraph 4.3, that may in any way relate to the Collective Action Litigation.

      4.5    Except for the Payments to Named Plaintiffs and the Opt-In Plaintiffs as provided for in paragraphs 3 and 4 of this Settlement Agreement and their respective subparts, it is understood and agreed that the Defendant and Released Parties shall have no liability for satisfying any or all attorneys' fees, costs, and/or expenses that have been incurred by the Named Plaintiffs or the Opt-In Plaintiffs as a result of any and all claims under the FLSA, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, unjust enrichment, or breach of contract and any and all claims that were or could have been asserted in the above-captioned actions.

## 5.    NON-PUBLICATION OF THE SETTLEMENT AGREEMENT

Named Plaintiffs, the Opt-In Plaintiffs, and Class Counsel agree that the terms of this Settlement Agreement specific to each of them shall be confidential. Named Plaintiffs, Opt-In Plaintiffs and Class Counsel shall not disclose the specific settlement amounts received by each Named Plaintiff and Opt-In Plaintiff to any person or agency, except to this Court or where such disclosure is required by law or is necessary to comply with the terms of this Settlement Agreement. Any Named Plaintiff, Opt-In Plaintiff and Class Counsel can say that this matter was amicably resolved with a payment made to them.

## 6.    PARTIES' AUTHORITY

6.1     All signatories to this Settlement Agreement represent that they are fully authorized to enter into this Settlement Agreement and to bind the Parties hereto to the terms and conditions hereof.

6.2     All signatories to this Settlement Agreement acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared and executed this Settlement Agreement.

**7.     RELEASE OF CLAIMS**

7.1     As consideration for the monies paid by Defendant Apria under this Settlement Agreement, Named Plaintiffs and all Opt-In Plaintiffs waive and release and forever discharge any and all Released Parties, as defined in paragraph 1.13, from any and all Released Claims, as defined in paragraph 1.12, whether known or unknown.

7.2     Named Plaintiffs and each Opt-In Plaintiff shall be bound by all terms of the Settlement Agreement and the Approval Order.

7.3     Named Plaintiff Susan M. Murphy requests that the Court approve the dismissal of the above-captioned action <u>Murphy v. Apria Healthcare Inc., et al.,</u> with prejudice pursuant to Fed.R.Civ.P. 41(a)(2).

**8.     MUTUAL FULL COOPERATION**

8.1     The Parties shall use their best efforts and fully cooperate with each other to accomplish the terms of this Settlement Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Settlement Agreement.

**9.     SETTLEMENT OF DISPUTES**

9.1     All disputes relating to this Settlement Agreement, its implementation, and any actions or payments required herein shall be within the continuing jurisdiction of the Court, and the Parties agree that such dispute may presented to the Court without the need to file a formal motion.

9.2     In the event that Defendant Apria fails to make a payment under the terms of this Agreement without reasonable cause for the delay, Defendant agrees to pay any legal fees and expenses incurred by Class Counsel in order to recover unpaid amounts due under the Agreement or the Release Form. In the event that the Court determines that any Named Plaintiff or Opt-In has breached a term of this Agreement, Named Plaintiff or Opt-In agrees to pay any legal fees and expenses incurred by Defendant in order to enforce the terms of this Agreement.

## 10.   MODIFICATION

10.1    This Settlement Agreement and its attachments may not be changed, altered, or modified, unless such modification is manifested in a written document duly executed by the Parties. Any material modifications shall be approved by the Court in its continuing jurisdiction.

## 11.   ENTIRE AGREEMENT

11.1    This Settlement Agreement and its attachments and exhibits constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Settlement Agreement. In the event of any conflict between this Settlement Agreement and its attachments and any other settlement-related document, the Parties intend that this Settlement Agreement and its attachments and exhibits shall be controlling.

## 12.   CHOICE OF LAW/JURISDICTION

12.1 This Settlement Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Pennsylvania, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the Court. This Settlement Agreement shall be construed as a whole according to its fair meaning and intent and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Settlement Agreement or any specific term or condition thereof.

**13.    WAIVER**

13.1 No waiver of any provision of this Settlement Agreement shall constitute a waiver of any other provisions of this Settlement Agreement.

**14.    SEVERABILITY**

14.1 The covenants in this Settlement Agreement are severable. If any covenant or portion thereof is held to be invalid or unenforceable, such covenant or portion thereof shall be modified or adjusted by a court or other tribunal. All other covenants and provisions shall remain valid and enforceable.

**15.    SUCCESSORS AND ASSIGNS**

15.1 This Settlement Agreement shall be binding upon the Parties and upon their heirs, administrators, representatives, executors, successors and assigns, as applicable, and shall inure to the benefit of the Defendants and the Released Parties and, to each of them, to their respective heirs, administrators, representatives, executors, successors and assigns.

**16.    COUNTERPARTS**

16.1 This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

IN WITNESS WHEREFORE, the undersigned have duly executed this Settlement Agreement as of the date indicated below:

                                                       LAMM RUBENSTONE, LLC

Dated:_____, 2013      By:    _____
                                                   Frank Schwartz, Esquire

                                                   APRIA HEALTHCARE, INC.

Dated: _____, 2013     By:    _____
                                                   Raoul Smyth, Vice President and
                                                   Assistant General Counsel